IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| MARY HORENKAMP ) | |
| 695 Americana Drive, # A4 ) | |
| Annapolis, Maryland 21403 ) | |
| ) | |
|    Plaintiff ) | |
| ) | |
|    v. ) | Civil Action No. |
| ) | |
| FIRST UNUM LIFE INSURANCE CO. ) | |
| 666 Third Avenue, Suite 301 ) | |
| New York, New York 10017 ) | |
| ) | |
|    <u>Serve On:</u> ) | |
| ) | |
|    Superintendent of Financial Services ) | |
|    New York State Dept. of Fin. Svcs. ) | |
|    Corporate Affairs Unit ) | |
|    One Commerce Plaza, 20th Floor ) | |
|    Albany, New York 12257 ) | |
| ) | |
|   and ) | |
| ) | |
| THE BROWNING SCHOOL ) | |
| 52 East 62nd Street ) | |
| New York, New York 10065-8017 ) | |
| ) | |
|    Defendants ) | |

VERIFIED COMPLAINT

COMES NOW the Plaintiff, Mary Horenkamp, and files suit under the Employee Retirement Income and Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") against the Defendants, First Unum Life Insurance Company and The Browning School, for wrongfully terminating her Long Term Disability, life insurance, and continued retirement contribution benefits as of July 1, 2021.

**Parties, Exhaustion of Internal Plan Procedures, Jurisdiction, and Venue**

1. For four years starting in June of 2007, the Plaintiff Mary Horenkamp ("Ms. Horenkamp") worked as the Director of Publications at Defendant The Browning School ("The Browning School") in New York City.

2. While Ms. Horenkamp worked there, The Browning School maintained a group insurance policy named The Browning School Plan for its employees through Defendant First Unum Life Insurance Company ("Unum").

3. The Browning School was identified as both the Plan Administrator and the named fiduciary of The Browning School Plan, with authority to delegate its duties.

4. In addition to collecting premiums from The Browning School, Unum has had the ultimate authority for administering The Browning School Plan, through its claims process and payment of benefits.

5. After she was fired by The Browning School in 2011, Ms. Horenkamp moved to Annapolis, Maryland, where she has lived ever since.

6. Ms. Horenkamp's relevant medical treatment and life activities that are at issue in this suit have all occurred in Maryland.

7. Unum paid Long Term Disability benefits to Ms. Horenkamp in Maryland under The Browning School Plan from 2011 until Unum issued a denial letter dated June 30, 2021 from its Benefits Center in Columbia, South Carolina.

8. The denial letter of June 30, 2021 stated that Ms. Horenkamp no longer qualified for benefits under the terms of the plan, effective July 1, 2021.

9. In December of 2021, Ms. Horenkamp filed a timely internal appeal of Unum's decision to terminate her benefits.

10. By letter dated January 11, 2021 from its appeals unit in Portland, Maine, Unum upheld its decision to terminate Ms. Horenkamp's benefits.

11. This letter stated that Ms. Horenkamp can seek further review by bringing a civil lawsuit under ERISA on or before June 30, 2024.

12. Thus, Ms. Horenkamp has exhausted her administrative remedies under The Browning School Plan, and timely seeks review in this Court.

13. By denying benefits to Ms. Horenkamp, who is a longtime resident of Maryland, the Defendants breached The Browning School Plan in Maryland.

14. Therefore, jurisdiction and venue are proper in this Court under ERISA, 29 U.S.C. § 1132(e)(2).

## Initial Disability Claims History

15. When The Browning School fired Ms. Horenkamp on June 13, 2011, she was hampered by rheumatoid arthritis, degenerative disc disease, irritable bowel syndrome, fibromyalgia, and a tear in the cartilage of her right wrist.

16. The Browning School Plan offers the following definition of disability, in relevant part: "You are disabled when Unum determines that… you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury…."

17. Effective June 13, 2011, Unum determined that due to sickness or injury, Ms. Horenkamp was limited from performing the material and substantial duties of her

job as director of publications, and therefore met The Browning School Plan's definition of disability.

18. The Social Security Administration ("Social Security") also determined that Ms. Horenkamp met the definition of disability established by the Social Security Act, effective June 13, 2011, and she has continued to receive Social Security benefits through the present.

19. Ms. Horenkamp's monthly benefits from Unum consisted of a $2,468 long term disability payment, a $748.33 continued retirement payment to her TIAA-CREF plan, and life insurance coverage.

## Making Masks During the Covid-19 Pandemic

20. Since receiving disability benefits from Unum and Social Security effective June 13, 2011, Ms. Horenkamp has tried to stay active, within her limitations.

21. When the Covid-19 pandemic reached Maryland in the spring of 2020 and Ms. Horenkamp was stuck at home even more than usual, she decided to make masks as a fulfilling way to address a societal need.

22. From April of 2020 to March of 2021, Ms. Horenkamp made masks slowly, taking frequent breaks.

23. After April of 2020, Ms. Horenkamp spent no more than four hours a day making masks, as additional time would cause her excessive pain, fatigue, and arthritis flare ups.

24. For the entire period she made masks from April of 2020 to March of 2021; Ms. Horenkamp's total gross revenues were $3,105.00, without deducting for expenses.

25. No competitive employer would have tolerated the production pace which Ms. Horenkamp was able to achieve making masks.

26. Ms. Horenkamp has not made any masks since March of 2021.

27. Making masks for minimal profit on a part-time basis at her own pace was far less taxing for Ms. Horenkamp than her full-time regular occupation had been at The Browning School.

## Unum's Investigation

28. Unum undertook an extensive review of Ms. Horenkamp's claim in early 2021 and learned of her mask making activities through a phone call with her on February 22, 2021.

29. Because Ms. Horenkamp was the entire staff for publications at The Browning School and took much of the photographs used at work, Unum had previously incorporated the physical demands of the position of "Photographer News" into its analysis of Ms. Horenkamp's regular occupation as "Editor Publications", as defined by the enhanced Dictionary of Occupational Titles.

30. However, a vocational analysis for Unum on February 22, 2021 classified Ms. Horenkamp's regular occupation as Editor Publications only, purportedly because photography is not a requirement of this position in the national economy.

31. According to the enhanced Dictionary of Occupational Titles cited in Unum's vocational analysis, among other material and substantial duties, an Editor Publications, "Assigns research and other editorial duties to assistants."

32. Ms. Horenkamp did not have any assistants.

33. The material and substantial duties for Ms. Horenkamp's regular occupation at The Browning School involved extensive use of the hands and fingers for computer-based design work and photography.

34. According to the enhanced Dictionary of Occupational Titles cited in Unum's vocational analysis, the physical demands of an Editor Publications are sedentary, requiring exertion of up to 10 pounds of force for up to 2.5 hours in an 8 hour day or a negligible amount of force for up to 5.5 hours in an 8 hour day, with sitting for most of the time interspersed by brief periods of standing or walking.

35. The enhanced Dictionary of Occupational Titles cited in Unum's vocational analysis further specifies that the job of Editor Publications requires keyboarding for up to 5.5 hours in an 8 hour day; and reaching/fingering for up to 2.5 hours in an 8 hour day. Furthermore, the job allows for brief changes of posture/position.

36. On February 23, 2021, Ms. Horenkamp's treating rheumatologist, Dr. Susan Berger ("Dr. Berger"), wrote to Unum that her patient would not be able to meet the occupational demands of a director of publications because, "She has RA (Rheumatoid Arthritis) with periodic severe unpredictable flares of joint pain, stiffness [and] fatigue."

37. On March 8, 2021, Ms. Horenkamp's treating internal medicine physician's assistant, Cara Herman, wrote to Unum that her patient would not be able to meet the occupational demands of a director of publications because she should limit keyboarding to 10-15 minute intervals and "[s]he may have difficulty lifting 10lb".

38. On June 8, 2021, a doctor employed by Unum made a call to Dr. Berger, who verbally explained that Ms. Horenkamp was precluded from her sedentary occupation of director of publications because of rheumatoid arthritis flares which typically occur 1-2 times per month and last 1-2 days and which therefore preclude full-time work activity.

39. In fact, Ms. Horenkamp's overall health worsened in the ten years after June 13, 2011, when she was first found eligible for disability benefits from Unum and Social Security, until July 1, 2021, when Unum terminated her benefits.

40. As of July 1, 2021, Ms. Horenkamp was 58 years old.

**Unum's Denial Decisions**

41. No doctor or medical provider employed by Unum ever physically examined Ms. Horenkamp or spoke with her.

42. On June 30, 2021, Unum sent Ms. Horenkamp a denial letter, stating that she no longer met the definition of disability under The Browning School Plan.

43. Ms. Horenkamp's monthly benefits from Unum were terminated as of July 1, 2021.

44. On December 22, 2021, Ms. Horenkamp submitted a timely internal appeal to Unum.

45. Ms. Horenkamp's internal appeal included updated medical records from her treating doctors and a verified letter from her to Unum describing her conditions and limitations.

46. In her verified letter, Ms. Horenkamp described how her keyboard time is extremely limited because she starts to feel pain in her right shoulder and upper extremity within 15 minutes; how even with proper posture and seating, her back bothers her when she sits for extended periods; and how her rheumatologists have supported her need to be on disability, while strongly suggesting that she limit her computer use, especially after her three hand surgeries.

47. On January 11, 2022, without collecting any additional medical or vocational evidence as part of its appeal process, Unum upheld its decision to terminate Ms. Horenkamp's benefits.

48. The final decision to terminate Ms. Horenkamp's monthly benefits effective July 1, 2021 was arbitrary, capricious, and an abuse of discretion.

**Count One**
**Denial of Benefits**
**Request for Relief**
**ERISA, 29 U.S.C. § 1132**

49. Ms. Horenkamp reincorporates, realleges and reaffirms all of the allegations in the preceding paragraphs.

50. Ms. Horenkamp requests that this Court grant the following relief:

   a. Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), enter judgment in her favor against the Defendants Unum and The Browning School and order the Defendant Unum to pay disability benefits to Ms. Horenkamp in an amount equal to the contractual amount of benefits to which she is

entitled and/or remand the instant case back to the claims process of the Defendant Unum for a full and fair review;

b. Order Defendant Unum to pay Ms. Horenkamp prejudgment interest on all disability benefits which it failed to pay to her;

c. Order the Defendant Unum to continuing paying additional benefits to Ms. Horenkamp until such time as she no longer qualifies for benefits;

d. Award attorney's fees and costs to Ms. Horenkamp pursuant to ERISA, 29 U.S.C. § 1132(g); and

e. Award Ms. Horenkamp any and all relief to which she may be entitled.

Respectfully submitted,

___/s/_____
Curtis B. Cooper, Esq.
*Federal Bar No. 28060*
220 N. Liberty Street
Baltimore, MD  21201
(410) 825-4030; (410) 510-1831 [fax]
curtis@curtiscooperlaw.com
***Attorney for Plaintiff Mary Horenkamp***

VERIFICATION

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of this Complaint are true.

DATE: 8/3/22                    SIGNED: _____
                                Mary Horenkamp
                                695 Americana Drive, Apt. A4
                                Annapolis, Maryland 21403
                                (443) 458-5851